## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

MELISSA J. ADKINS-BARNES                                                    PLAINTIFF

v.                                      4:15-CV-00664-BRW-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                            DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Melissa J. Adkins-Barnes, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382(a)(3)(A).  A "physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 15, 2014, the date of his decision.  (Tr. 48-59)  After receiving and considering additional evidence, on August 21, 2015, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4)  Plaintiff then filed her complaint initiating this appeal.  (Doc. No. 2)

I have reviewed the briefs and considered the parties' respective arguments.  I have also reviewed the accompanying two volume transcript of medical and administrative evidence in this case.  After consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is 38 years old.  (Tr. 93)  She earned a GED and has past relevant work as an insurance clerk, lathe operator, and office manager.  (Tr. 106)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(i)  (2008).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  *Id.* § 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  *Id.* § 416.920(a)(4)(ii).  If not, benefits are denied.  *Id.*  A "severe" impairment significantly limits a claimant's ability to perform

basic work activities.  *Id.* § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  *Id.* § 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  *Id.* § 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  *Id.* § 416.920(a)(4)(iv).  If so, benefits are denied.  *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.* § 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 50)  He found Plaintiff had "severe" impairments in the form of fibromyalgia, mood disorder, and personality disorder.  *Id.*  He found she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 51)  He judged that Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were not credible to the extent alleged.  (Tr. 53-57)

The ALJ found Plaintiff retained the residual functional capacity for light work but limited to work involving "simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any workplace changes and no more than incidental contact with coworkers, supervisors, and the general public."  (Tr. 52)  He determined Plaintiff could no longer perform her past relevant work.  (Tr. 57)  The ALJ employed the services of a vocational expert to assist him in determining if there were significant numbers of jobs in the economy which Plaintiff could perform, notwithstanding her limitations.  (Tr. 85-91)  Accordingly, the ALJ determined that Plaintiff could perform the jobs of warehouse checker and inspector tester.  (Tr. 58)  Thus, the ALJ concluded Plaintiff was not disabled.  (Tr. 18)

In support of her Complaint, Plaintiff argues that the ALJ failed to develop the record. (Pl.'s Br. 8-11)  Plaintiff bears a heavy burden in showing the record has been inadequately developed. She  must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither.  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, there is an abundance of medical evidence and the record was sufficient upon which to make an informed decision.

Plaintiff also argues that the ALJ properly failed to evaluate the severity of her impairments. (Pl.'s Br. 11-16) Specifically, Plaintiff contends that the ALJ improperly determined her bone spurs and anxiety disorder were not "severe" impairments.

While Plaintiff may have some limitation from her osteophytosis, there is ample evidence to support the ALJ's assessment in this regard.  As the Commissioner points out, diagnostic tests and medical evaluations failed to show Plaintiff's bone spurs significantly limited her ability to basic work activities.  (Tr. 444, 475, 690, 740, 744, 787, 798, 976) And the ALJ adequately considered Plaintiff's mental impairments with his determination she had mood and personality disorders.  The ALJ's opinion reveals he considered the breadth of Plaintiff's mental illness and limitations.  (Tr. 52-57)

With regard to Plaintiff's argument about her GAF scores[1], Plaintiff's argument overemphasizes the importance of GAF scores.  The Commissioner has declined to endorse the use of the GAF Scale, noting that the GAF Scale did not have a direct correlation to the severity requirements in the mental disorder Listings.  *See* 65 Fed. Reg. 50746, 50764-65 (August 21, 2000). Measuring mental impairments on a numerical scale is difficult.  DSM-IV-TR cautions:

> DSM-IV is a classification of mental disorders that was developed for use in clinical, educational, and research settings.  The diagnostic categories, criteria, and textual

---

[1]Global Assessment of Functioning.  Diagnostic and Statistical Manual of Mental Disorders 32-34 (4th ed., Text Revision 2000) (DSM-IV-TR). The GAF Scale is the fifth axis of the multiaxial assessment. *Id.* at 32.  It  measures psychological, social and occupational functioning. *Id.*

> descriptions are meant to be employed by individuals with appropriate clinical training and experience in diagnosis.  It is important that DSM-IV not be applied mechanically by untrained individuals.  The specific diagnostic criteria included in DSM-IV are meant to serve as guidelines to be informed by clinical judgment and are not meant to be used in a cookbook fashion.

*Id.* xxxii.

The GAF, by itself, does not rise to the level of a medical opinion that the ALJ must address.  It is no more significant than any of the other axes of the multiaxial assessment.

Lastly, I have considered Plaintiff's argument about the ALJ's residual functional capacity assessment.  (Pl.'s Br. 17-20) I find the ALJ's assessment was proper given the overall evidence of record.  The ALJ's determination that Plaintiff could perform a reduced range of light work is supported by the objective evidence.  He properly considered her mental and physical limitations and crafted a residual functional capacity that comports with the overall evidence of record.

Plaintiff unquestionably suffers from some degree of pain and limitation.  She has a host of impairments that undoubtedly make it a challenge for her to maintain a job.  However, I am unable to conclude she is precluded from performing all work related activities and is completely disabled.

It is not the task of this court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 27th day of June, 2016.

JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE